

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. Adam R. Johnson
Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:

Opinion No. O-1818
Re: Authority of State Department of Public Welfare to establish an independent Merit System Organization for personnel administration.

We are in receipt of your letter of January 5, 1940, requesting the opinion of this Department which we quote at some length:

"As a result of this amendment to the Social Security Act, the Social Security Board adopted, November 1, 1939, Standards for a Merit System of Personnel Administration in State Employment Security and State Public Assistance Agencies, which standards must be complied with by State agencies in the administration of their personnel programs on a merit basis.) These standards state in part that 'rules and regulations to effectuate a merit system in accordance with these minimum standards shall be adopted by the State agencies and submitted as a part of the public-assistance plan.....

"The State Department of Public Welfare, in considering these minimum standards that must be complied with, according to the language of the standards themselves, as adopted by the Social Security Board, has come to the conclusion that to effect compliance with these standards our present personnel administration on a merit system basis, which has been in operation for some

Department of Public Welfare is legally em-
powered to adopt same, the following merit
system organization will have to be adopted,
or one substantially similar to it, in order
that the Department can meet the minimum
standards of the Social Security Board:

"The State Department of Public Welfare
will establish a merit system for personnel
administration, to be administered by an im-
partial body, to be known as the 'Merit System
Council,' and to be composed of three members
who will be appointed by the Department for
overlapping terms of two, four, and six years
for the original members of the council, and
upon expiration of these terms successors to
members will be appointed for individual terms
of six years each. These members of the Merit
System Council will be drafted from the citizen-
ship of the State of Texas, no members of which
Council will be otherwise employed as an offi-
cial or employee of the Department.

"The function of this Council will be to
act as a supervisory body in connection with
the conducting of open and competitive examina-
tions for all applicants for various positions
to be filled by the Department for the purpose
of determining qualified, eligible persons, from
whose number recruitment of personnel for the
State Department can be effected. It will also,
necessarily, sit as an Appeals Council in all
matters of appeals by applicants for positions
whose applications for admission to an entrance
or promotional examination have been rejected,
and in cases of dissatisfaction on the part of
permanent employees who have been dismissed, sus-
pended, or demoted by the Department. In all
cases of appeals, the Council will have to con-
duct hearings, and after said hearings will make
its recommendations in writing to the appointing
authority of the Department, the Executive Direc-
tor, for consideration by the Department. This
recommendation will be considered by the Depart-
ment, and the Department's decision in the matter
in which the hearing was held shall be final.

Mr. Adam R. Johnson, page 3

"For the purpose of administering the open and competitive examinations, a Merit System Supervisor will be appointed by the Department upon the recommendation of the Merit System Council. Under this person's supervision open and competitive examinations, in order that the minimum requirements of the Social Security Board's standards can be met, will include a practical written test and rating of training and experience for the more responsible positions; and oral examinations for persons requiring frequent contact with the public, or which involve important supervisory or administrative duties, and a performance test for positions involving the operations of office machines.

"The Merit System Supervisor will prepare and establish registers of eligibles in the order of their final scores as made on the examinations and will maintain the registers, make certification of eligibility, and keep all examination records. All positions which are not specifically exempted by the minimum standards of the Social Security Act, within the Department of Public Welfare, are to be filled from registers of eligibles, except for emergency and provisional appointments for limited periods. When the Department of Public Welfare signifies its intention to make an appointment to any position to the Merit System Supervisor, such appointment will be made by selection from names of persons on the appropriate register. The conducting of these examinations will be administered by the Merit System Council through the Merit System Supervisor, and appointments will be made by the Executive Director of the Department of Public Welfare from persons certified as eligible for appointments by the Merit System Supervisor upon request for same by the Director. The eligibility of an employee for promotion will be determined on recommendation of the Department and certification by the Merit System Supervisor that the employee meets the minimum requirements and is qualified for promotion to the class of position in question. In order to comply with the minimum requirements of the Social Security Board's standards, the Depart-

Mr. Adam R. Johnson, page 4

ment will classify all positions and establish
a comprehensive plan for compensation for all
classes of positions within the limits of the
provisions of the biennial appropriation act.
The expenses incident to the operation of this
merit system, including the expenses of the
Merit System Council, the Merit System Super-
visor, and its necessary personnel, will be met
by the State Department of Public Welfare out
of monies in the State Department of Public
Welfare Fund.

"In setting up a merit system organization,
it is necessary that the State Department of
Public Welfare adopt rules and regulations, un-
der the requirements of the Social Security
Board, that will govern the Merit System Council
and the Merit System Supervisor and insure con-
tinuing compliance with the minimum standards of
the Social Security Board, and insure the inde-
pendent administration of a merit system for
personnel administration involving the conduct-
ing of the above mentioned examinations by the
Merit System Supervisor under the supervision of
the Merit System Council, with appointments to
any and all positions desired to be filled by
the Department having to be made through selec-
tion from a limited number of the highest avail-
able eligibles on the appropriate register main-
tained by the Merit System Supervisor.

"A copy of the Standards for a Merit System
of Personnel Administration in State Employment
Security and State Public Assistance Agencies,
hereinabove referred to, is enclosed for your
consideration in connection with the following
questions:

"1. Does the State Department of Public
Welfare have authority under the law creating
this agency and the general laws of the State
of Texas to establish by rule and regulation
such a Merit System Council as is required by
the minimum standards of the Social Security
Board and to adopt such a merit system organiza-
tion as is hereinabove outlined, in order to
comply with those minimum standards?

"2. Does the Department of Public Welfare
have authority to appoint members of a Merit
System Council, and, if so, does it have author-
ity to appoint them for definite, stated over-
lapping terms; and will the appointing power
rest with the Executive Director of the Depart-
ment or with the State Board of Public Welfare?

"3. Does the State Department of Public
Welfare have authority under the laws of the
State to expend monies out of the State Depart-
ment of Public Welfare Fund to defray expenses
of the Merit System Council, the salary and
expenses of the Merit System Supervisor, and the
personnel necessary to be employed to administer
the merit system organization hereinabove set
out, or one substantially similar to it, which
would be necessary to comply with the minimum
standards of the Social Security Board?

"4. Will the method of conducting open
and competitive examinations, as outlined above,
and the selection of persons to fill positions
within the Department from a limited number of
the highest available eligibles on the appro-
priate register, kept by the Merit System Super-
visor, as compiled from the results of the ex-
aminations taken, operate as an unlawful restric-
tion on the appointive power delegated to the
Executive Director by the Public Welfare Act of
1939 (Senate Bill No. 36, Acts, 46th Legislature,
Regular Session), said examinations and method
of selection of personnel under the recited
merit system organization being effective only
by operation of rules and regulations adopted by
the State Board of Public Welfare and not other-
wise effective through operation of law?"

The Public Welfare Act of 1939, Senate Bill No. 36,
General Laws of Texas, Acts 46th Legislature, p. 544, creates
the Department of Public Welfare consisting of a "State Board
of Public Welfare, an Executive Director, and such other of-
ficers and employees as may be required to efficiently carry
out the purposes of this Act." Sec. 2a. The State Board of
Public Welfare consists of three members appointed by the
Governor, with the advice and consent of the Senate, for six
year overlapping terms. The Executive Director of the De-
partment of Public Welfare is the "executive and administra-

tive officer of the State Department and shall discharge all administrative and executive functions of the State Department." He is selected and appointed by the State Board with the advise and consent of the Senate and serves "at the pleasure of the Board."

The following pertinent provisions are found in the Act:

"Sec. 3.  b.  The Board shall be responsible for the adoption of all policies, rules, and regulations for the government of the State Department of Public Welfare.

c.  The Board, its agents, representatives and employees shall constitute the State Department of Public Welfare and whenever, by any of the provisions of this Act, or of any other Act, any right, power or duty is imposed or conferred on the State Department of Public Welfare, the right, power or duty so imposed or conferred shall be possessed and exercised by the Executive Director unless any such right, power or duty is specifically delegated to the duly appointed agents or employees of such department, or any of them by this Act or by an appropriate rule, regulation or order of the State Board.

"Sec. 4.  The Executive Director shall be the executive and administrative officer of the State Department.  The Executive Director, with the consent and approval of a majority of the members of the Board shall:

a.  Classify all positions in the administration of this Act;

b.  Fix objective standards for all positions included in the classifications;

c.  Formulate salary schedules for the services so classified, subject to biennial appropriations;

d.  Provide for a fair and impartial selection, appointment, retention and promotion of personnel in accordance with the classification and compensation plans therein before provided.

"Sec. 5.  The State Department shall be charged with the administration of the welfare activities of the State as hereinafter provided.  The State Department shall:

g.  Establish and provide such method of local administration as is deemed advisable, and provide

Mr. Adam R. Johnson, page 7

such personnel as may be found necessary for carrying out in an economical way the administration of this Act; provided however, that all employees of the Department shall have been residents of the State of Texas for a period of at least four (4) years preceding their appointment . . ."

"Sec. 6. There shall be created in the State Department of Public Welfare the following Divisions:
    a. A Division of Public Assistance;
    b. A Division of Child Welfare;
    c. A Division of Research and Statistics,
and such other Divisions as the Executive Director may find necessary for effective administration. <u>The Executive Director shall have the power to allocate and reallocate functions among the Divisions within the Department and have the power and authority, subject to classification, to select, appoint, and discharge such assistants, clerks, stenographers, auditors, bookkeepers, and clerical assistants as may be necessary in the administration of the duties imposed upon the State Department of Public Welfare within the limits of the appropriations that may be made for the work of said Department</u>; salaries of all such employees to be fixed by the Executive Director in keeping with salaries paid other State employees performing like work and holding similar positions. (Underscoring ours)

"Sec. 10. The State Department of Welfare is hereby designated as the State agency to co-operate with the Federal Government in the administration of the provisions of Title I, Title IV, Part 3 of Title V, and Title X, of the Federal 'Social Security Act' and of the provisions of such other Titles of the Federal 'Social Security Act' as may be added thereto from time to time, in the event no other State agency is by law designated to cooperate with the Federal Government in the administration of the provisions of such Title, or Titles as may be added to the 'Social Security Act' and the Department is directed to enact and promulgate such rules and regulations as may be necessary to effect the cooperation <u>as herein outlined and designated.</u>

Mr. Adam R. Johnson, page 8

> "The State Department of Welfare is hereby
> authorized and directed to cooperate with the
> proper departments of the Federal Government
> and with all other departments of the State and
> local governments in the enforcement and admin-
> istration of such provisions of the Federal
> 'Social Security Act,' and any amendments there-
> to and the rules and regulations issued there-
> under, and in compliance therewith, in the manner
> prescribed in this Act or as otherwise provided
> by law." (Underscoring ours)

The Executive Director as chief administrative
and executive officer, under the provisions of the above
Act is charged with the duty of selecting, appointing,
fixing the salary and discharging such assistants or other
employees of the Department as may be necessary in the pro-
per administration of the act. Granted such power, we do
not think it must be arbitrarily exercised by the Executive
Director but he may in his discretion, through rule or re-
gulation, establish and maintain a system or practice where-
by the appointive power vested in him may be efficiently
and intelligently exercised. The appointive power may set
standards and inquire into the qualifications of his pros-
pective appointees or employees as in his discretion may be
proper.

Section 4 shows a clear legislative intent that
some system be established by the Department for the se-
lection and employment of departmental personnel. Not only
is the Executive Director to fix standards for the positions
classified but he is directed to "provide for a fair and
impartial selection, appointment, retention and promotion
of personnel."

That some system may be employed by the appointive
power is apparently recognized by your department since you
state in your letter that to comply with the Social Security
Board standards "our present personnel administration on a
merit system basis, which has been in operation for some
time must be materially revised," however you do not state
in what particulars.

It is equally clear that the Executive Director
may employ or secure such assistance as may be necessary to
properly examine applicants, determine their qualifications
and make recommendations to guide him in performing the
duties imposed upon him by law. Ministerial duties may be

Mr. Adam R. Johnson, page 9

delegated to such subordinates but their actions must
be subservient to the will, direction and control of
the dominant authority whom they serve. Their recom-
mendations may be strictly followed as a matter of
policy or practice but whether in any particular in-
stance this will be done must be determined by the per-
son or board upon whom the Legislature has imposed the
duty of selecting, appointing, promoting or discharging
personnel.

As we understand the minimum requirements dis-
cussed in your letter and contained in the pamphlet en-
titled "Standards for a Merit System of Personnel Admin-
istration in State Employment Security and State Public
Assistance Agencies," dated November 1, 1939, the merit
system proposed to be established by rule or regulation,
however, is to be administered free of restraint or con-
trol by the Executive Director or State Board once it is
established. This being true our Opinion No. O-1752
practically disposes of the issues herein presented, the
only distinction being that in this instance the Depart-
ment of Public Welfare would establish a Merit System
Council while under the facts in that opinion it was
contemplated that your department and the Texas Unem-
ployment Compensation Commission would establish a Coun-
cil by joint action. Our former ruling was not based so
much upon the joint action by the two boards as the in-
herent nature of the plan itself.

Article III, Section 1 of the Constitution of
Texas vests the Legislative power of this State in "The
Legislature of the State of Texas." This power being so
vested is exclusive, and the Department of Public Welfare
is without authority to create a separate and distinct
board or body not itself a part of that Department, and
subject to its control. It cannot further delegate to
such independent body the discretionary powers and duties
specifically provided by law to be performed and exercised
by the Department of Public Welfare, its officers and em-
ployees.

It is contemplated by the proposed merit system
as set out in the bulletin of November 1, 1939, that a
Merit System Supervisor will be appointed, upon the recom-
mendation of the Merit System Council, who will admit ap-
plicants to examinations, conduct the examinations, and
give ratings. It is provided that:

"The Merit System Supervisor will prepare and establish registers of eligibles in the order of their final scores and will maintain the registers, make certification of eligibles, and keep all examination records.

"All positions, not specifically exempted herein, are to be filled from registers of eligibles, except for emergency and provisional appointments for limited periods. Appointments will be made by selection from a limited number of the highest available eligibles on the appropriate register."

Successive emergency or provisional appointments may not be given to any individual, and present employees may be retained provided they attain passing grades in examinations.

True, the officer upon whom the power and duty is imposed by statute is allowed the final act of making a selection and appointment from a restricted and limited number of "the highest available eligibles" certified by the Merit System Supervisor but the Legislature has provided that the power and authority to select and appoint shall be subject only to classification or other limitations contained in the Act, the classifications to be made by the Executive Director with the consent and approval of the State Board.

The plan further restricts the exercise of the statutory duties imposed upon the appointive power since it clearly contemplates the obtaining of a permanent "status" or employment. The appointee first shall serve for a fixed probationary period, after which, upon an evaluation in writing, the employment shall become permanent. Having acquired a permanent status the employee "will not be subject to removal except for cause, unless separated for reasons of curtailment of work or lack of funds. In the event of removal, permanent employees will have the right of an appeal to an impartial body through an established procedure provided for in the merit system rules."

Clearly, an officer of this State in whom the legislature has vested certain powers and duties, may not abdicate and by rule or regulation delegate the discretionary functions imposed upon him and thereby bind himself and

Mr. Adam R. Johnson, page 11

his successors in office. Such is the apparent purpose of the foregoing provisions which seek to establish a permanent personnel subject to removal only for cause, with a right of appeal to an "impartial body" unknown to Texas law.

Your first question is answered in the negative and it therefore becomes unnecessary to give specific answers to your remaining questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:jm

APPROVED JAN 12, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN